### TROTTER ET AL. V. PAUNLEY ET AL.

**Injunction:** WHEN NOT DISSOLVED UPON ANSWER. Where an answer alleged that a School Board assembled upon the call of the president, to change the boundaries of sub-districts, and that the records did not show the call although it was in fact made: *Held*, that it would not justify the dissolution of an injunction to restrain proceedings under the authority of such meeting.

*Appeal from Keokuk District Court.*

WEDNESDAY, SEPTEMBER 23.

THE plaintiffs allege that they are residents, tax payers, and land owners in territory heretofore known as sub-district number seven, in the district township of Van Buren, in Keokuk county, composed in part of two townships, in which is a good school house; that on the 25th day of January, 1873, the board of directors of said district township met, on their own motion, at a special meeting, without being called for any purpose, or petitioned or requested so to do, and consolidated said

sub-district with sub-district number six, and named it "sub-district number seven;" that afterwards all sub-districts became independent districts, under Ch. 73, Laws 1872; that on March 10, 1873, the electors of the old sub-district number seven met and duly elected their officers, and named their district as Independent District of Fairview, and that said officers are acting and are in possession of the school house; that the electors of old sub-district number six met on the same day, at one o'clock, p. m., elected three directors, the defendants herein, and named their territory "The First District of Van Buren Township;" that said defendants, claiming to be officers of the territory of both old sub-districts, are about to take forcible possession of said school house, and remove it to the territory of old number six, and take the same over the cultivated grounds of plaintiffs. They ask an injunction, and that it be made perpetual. A temporary injunction was duly allowed, and served.

The defendants, by answer, admit the residence, etc., of plaintiffs, that the school house is a good one, and they are about to remove it, but not out of number seven, nor across plaintiff's lands at all; and that all districts became independent as stated; that all the electors in new number seven met at the time stated, one o'clock, p. m., March 10, 1873, and elected officers as stated, and that the new independent district had less than three hundred inhabitants; that plaintiffs met without notice, and elected themselves as officers. They allege as to their meeting on January 25, 1873, that they were called by their president to change the boundaries, though the records do not show the call; they admit the change as stated by plaintiffs. On this answer they moved a dissolution of the injunction, which was granted. The plaintiffs appeal.

*Woodin & McJunkin,* for appellants.

*Mackey & Donnell,* for appellees.

COLE, J.—The whole question of the right of the defendants to control or remove the school house, depends upon the validity of the meeting held on the 25th day of January, 1873.

The plaintiffs allege that the directors met on their own motion at a special meeting, without being called together for any purpose, and without being petitioned or requested so to do. The answer "alleges that the board met January 25, 1873, being called together by order of the president to change the boundaries of sub-districts, that the records do not show said call, but the same was in fact made, and all the sub-directors were present." This answer will not justify the dissolution of the injunction. It does not show what the call was, what length of notice was given, to whom it was given, and the exhibit of the proceedings of the meeting, accompanying the answer, shows that only a part of the sub-directors were present. The defendants claim the right to remove the school house by virtue of this meeting, and it was their duty to show a clear right. This they have failed to do. They may be able upon the trial to do so; and for this showing an opportunity will be afforded. But till they do it, or the plaintiffs fail upon a trial to make their case, the injunction must be continued.

REVERSED.